**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN THE MATTER OF THE
SEARCH OF THE SCRANTON
HOUSING AUTHORITY

04-MISC NOS. 318-322

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is Scranton Housing Authority's ("SHA") Appeal of and/or Objections to Magistrate Judge Malachy E. Mannion's Memorandum and Order Regarding SHA's Motion for the Unsealing of Affidavit of Probable Cause in Support of Search Warrant, and for Return of Property and Information Seized. (Doc. 20.)  Because the Court is of the opinion that Magistrate Judge Mannion lacked jurisdiction to entertain SHA's motion, the Court will vacate his Memorandum and Order (Doc. 19) and dismiss SHA's motion (Doc. 6).  SHA may file a civil action in the district court seeking the return of its property that was seized by the government.

## BACKGROUND

On December 6, 2004, Magistrate Judge Mannion issued a warrant to search the offices of SHA.  Upon motion of the government, Magistrate Judge Mannion also ordered the sealing of the application for the search warrant, the affidavit of probable cause, and the motion to seal itself.  The following day, federal agents executed the search warrant.

On June 8, 2005, SHA filed a motion pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, FED. R. CRIM. P. 41(g),[1] requesting the unsealing of the application for the search warrant and the affidavit of probable cause which supported the search warrant. (Doc. 6.)  SHA also requested that the property which was seized by the government be returned. (*Id.*)  SHA also filed a brief in support of its motion. (Doc. 7.)  The government filed its brief in opposition on June 27, 2005. (Doc. 8.)  SHA filed its reply brief on July 7, 2005. (Doc. 9.)

After reviewing the parties' briefs, Magistrate Judge Mannion issued an order, dated November 9, 2005, directing that SHA and the government file briefs addressing, first, whether this was a criminal or civil matter, and, second, whether Magistrate Judge Mannion had jurisdiction to decide the matter. (Doc. 10.)  SHA filed its supplemental brief on November 28, 2005. (Doc. 11.)  The government filed its responsive brief on December 8, 2005. (Doc. 12.)

On May 20, 2006, the government filed, *in camera*, documents for Magistrate Judge Mannion's consideration in conjunction with its brief in opposition to SHA's motion. (Doc. 16.)

---

[1]Rule 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.  The motion must be filed in the district where the property was seized.  The court must receive evidence on any factual issue necessary to decide the motion.  If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

FED. R. CRIM. P. 41(g).  Also, in portions of this opinion where the Court refers to Rule 41(e), please note that current Rule 41(g) was, prior to December 2002, designated Rule 41(e).

2

After several continuances, a hearing on SHA's motion was held on June 1, 2006.

On June 22, 2006, Magistrate Judge Mannion issued a Memorandum and Order (Doc. 19) deciding the merits of SHA's Rule 41(g) motion.  On July 3, 2006, SHA filed its appeal of Magistrate Judge Mannion's Memorandum and Order. (Doc. 20.)  SHA filed a brief in support of its motion. (Doc. 21.)  On August 30, 2006, this Court held a hearing on SHA's appeal.

Consequently, this motion is now ripe for disposition.

### DISCUSSION

The Court is of the opinion that Magistrate Judge Mannion lacked jurisdiction to entertain SHA's Rule 41(g) motion.  When no criminal proceedings are pending, either because an indictment has not yet been filed or because a criminal prosecution has terminated, a Rule 41(g) motion is considered a civil action for equitable relief. *In re Search of S & S: Custom Cycle Shop*, 372 F. Supp. 2d 1048, 1050 (S.D. Ohio 2003) ("Where no other criminal proceeding, other than the execution of a search warrant, has been initiated, the Sixth Circuit and other federal courts have routinely recognized that an action to retrieve property taken pursuant to a search warrant is in the nature of a 'civil complaint.'"); *Purcell v. United States*, 908 F.2d 434, 437 (9th Cir. 1990) ("Until criminal proceedings have been initiated against the movant by the filing of an indictment or information, motions to return property seized by the government are 'civil equitable proceedings'"); *White Fabricating Co. v. United States*, 903 F.2d 404, 407-08 (6th Cir. 1990) (motion filed pursuant to former Rule 41(e) prior to the commencement of criminal proceedings is actually equitable in nature and should be treated as a "civil complaint");

3

*United States v. Bein*, 214 F.3d 408, 411 (3d Cir. 2000) ("A district court has jurisdiction to entertain a motion for return of property even after the termination of criminal proceedings against the defendant and such an action is treated as a civil proceeding for equitable relief").  Indeed, "[r]eliance on the Federal Rules of Criminal Procedure is unnecessary and misleading as to the nature of the proceedings if no indictment or information has been filed." *Purcell*, 908 F.2d at 437 (holding that a motion filed pursuant to former Rule 41(e) seeking the return of property seized by the government is a civil proceeding if no indictment or information has been filed).  Accordingly, absent the existence of a criminal action, vindication is civil in nature and can be attained by filing a civil action in the district court pursuant to the theory first set forth in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *S & S: Custom Cycle Shop*, 372 F. Supp. 2d at 1051-53.  However, even if the Court were to recharacterize SHA's motion as a civil *Bivens* action, Magistrate Judge Mannion would not have had jurisdiction to entertain SHA's claim.

Under the Federal Magistrate Judges Act ("Act"), 28 U.S.C. § 631 *et seq*., the jurisdiction of a magistrate judge may arise in one of three ways: (1) through the prior jurisdiction of a United States commissioner, 28 U.S.C. § 636(a); (2) through referral by a district judge, 28 U.S.C. § 636(b); and (3) through the consent of the parties, 28 U.S.C. § 636(c). *United States v. Douleh*, 220 F.R.D. 391, 393 (W.D.N.Y. 2003).

Magistrate Judge Mannion did not possess jurisdiction pursuant to section 636(a) because United States commissioners did not have jurisdiction to hear Rule 41 motions for the return of seized property.

4

Under section 636(a), magistrate judges have "all powers and duties conferred or imposed upon United States commissioners by law or by the Rules of Criminal Procedure for the United States District Courts." 28 U.S.C. § 636(a).  Thus, magistrate judges have whatever powers and duties commissioners had at the time the Act was enacted in 1968.

Prior to 1944, United States commissioners' duties "revolved largely around the initial proceedings of a criminal case, i.e., bail, the issuance of arrest warrants, the issuance of search warrants, etc." *Douleh*, 220 F.R.D. at 393.  In 1944, the Federal Rules of Criminal Procedure were adopted and made applicable to the federal courts. *Id.*  "[A]s originally adopted, Rule 41(e) provided that '[w]hile under existing law a motion to suppress evidence or to compel return of property obtained by illegal search and seizure may be made either before a commissioner subject to review by the court on motion, or before the court, th[is] rule provides that such motion may be made only before the court." *Id.* (citing FED. R. CRIM. P. 41(e) advisory committee's note (1944)).  Thus, prior to the adoption of Rule 41(e), a motion for the return of property seized pursuant to a search warrant could have been entertained by either a district judge or by a commissioner. *Id.*  After Rule 41(e) was adopted, however, such a motion could only be heard by a district judge. *Id.*

Because (1) the 1944 version of Rule 41(e) reserved jurisdiction over motions for the return of seized property to the district court only and (2) the Act provided that magistrate judges inherited the prior powers of commissioners, "as of 1968, magistrate judges did not have the authority to hear Rule 41(e) motions." *Id.* at 394.  Accordingly, Magistrate Judge Mannion did not have jurisdiction pursuant to section 636(a).

In 1989, Rule 41(e) was amended, substituting the word "court" for the word "judge" so as "to clarify that a magistrate may receive evidence in the course of making a finding or a proposed finding for consideration by the district judge." *Id.* (quoting FED. R. CRIM. P. 41 advisory committee's note (1989)).  The need for this amendment lends further support to the above conclusion that magistrate judges do not have jurisdiction under section 636(a) to entertain Rule 41(g) motions.  However, this amendment also evidences Congress' intent to grant jurisdiction to magistrate judges to hear Rule 41(g) motions. *See id.*  As such, the Court is of the opinion that the 1989 amendment provided magistrate judges with the authority to hear Rule 41(g) motions pursuant to subsections (b) and (c) of section 636.  Magistrate Judge Mannion, however, did not have jurisdiction under either subsection to entertain SHA's motion.

Under section 636(b)(1), a district judge may refer pretrial matters to the magistrate judge for a decision, 28 U.S.C. § 636(b)(1)(A) (non-dispositive pretrial matters), or for a report and recommendation, 28 U.S.C. § 636(b)(1)(B) (dispositive pretrial matters). *Beazer East, Inc. v. Mead Corp.*, 412 F.3d 429, 438 n. 12 (3d Cir. 2005).  Here, SHA's motion was filed directly with Magistrate Judge Mannion.  It was not filed in this Court and then referred to Magistrate Judge Mannion.  Nor can this matter be viewed as one which was implied referred.  In fact, SHA's motion is not a "pretrial matter" at all. *S & S: Custom Cycle Shop*, 372 F. Supp. 2d at 1052 n.3.  Rather, it is a civil action in its own right. *Id.*  While subsection (b) of section 636 might allow for the referral of certain pretrial matters or motions appurtenant to SHA' s claim, it does not provide for the referral of SHA's entire action. *Id.*  Accordingly, 28 U.S.C. § 636(b) does not provide Magistrate Judge Mannion with jurisdiction to decide SHA's entire case.

Under 28 U.S.C. § 636(c)(1), "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court."  A section 636(c)(1) referral gives the magistrate judge "fully authority over dispositive motions, conduct of trial, and entry of final judgment, all without district court review." *Roell v. Withrow*, 538 U.S. 580, 585 (2003).  Section 636(c)(2) provides the procedures for a section 636(c)(1) referral. *Id.* at 586.  "If a magistrate judge is designated to exercise civil jurisdiction under [section 636(c)(1)], the clerk of court shall, at the time the action is filed, notify the parties of the availability of a magistrate judge to exercise such jurisdiction." 28 U.S.C. § 636(c)(2).  "The decision of the parties shall be communicated to the clerk of court." *Id.*  Rule 73(b) of the Federal Rules of Civil Procedure specify that "the parties' election of a magistrate judge shall be memorialized in 'a joint form of consent or separate forms of consent setting forth such election,' see Fed. Rules Civ. Proc. Form 34, and that neither the magistrate nor the district judge 'shall . . . be informed of a party's response to the clerk's notification, unless all parties have consented to the referral of the matter to a magistrate judge." *Roell*, 538 U.S. at 586.  "The procedure created by 28 U.S.C. § 636(c)(2) and Rule 73(b) thus envisions advance, written consent communicated to the clerk . . . ." *Id.*  Here, it is clear that the procedure set forth by section 636(c)(2) was not followed as there is neither a joint form nor separate forms evidencing the parties' consent to Magistrate Judge Mannion's jurisdiction.

However, section 636(c)(2) need not be followed in order for the parties to consent to the jurisdiction of a magistrate judge.  Indeed, so long as consent is clear and unambiguous, it is effective. *Lakeside Feeders, Ltd. v. Chicago Meat Processors, Inc.*, 31

F. Supp. 2d 1082 (N.D. Ill. 1999).  Consent may even be inferred from the parties'
actions. *Roell*, 538 U.S. at 591.  However, the mere failure of a party to object to the
exercise of jurisdiction by a magistrate judge does not operate as consent. *Reiter v.
Honeywell, Inc.*, 104 F.3d 1071 (8th Cir. 1997).

Here, when directed by Magistrate Judge Mannion to brief the issue of jurisdiction,
the government stated in its brief that, should Magistrate Judge Mannion conclude that
SHA's motion was civil in nature, "the government consents to the magistrate's
jurisdiction pursuant to 28 U.S.C. § 636(c) to decide the current issue at hand." (Doc. 12
at 7.)  Therefore, the government can be said to have clearly and unambiguously
consented to Magistrate Judge Mannion's jurisdiction.

However, in its supplemental brief addressing the issue of Magistrate Judge
Mannion's jurisdiction, SHA requested that he "refer this motion to a District Judge of the
United States District Court for the Middle District of Pennsylvania for disposition." (Doc.
11 at 12.)  As it expressly requested that its motion be heard and decided by a United
States district judge, SHA did not clearly and unambiguously consent to the jurisdiction of
Magistrate Judge Mannion.  SHA's failure to expressly object to Magistrate Judge
Mannion's exercise of jurisdiction does not constitute consent.  As such, Magistrate
Judge Mannion did not have jurisdiction pursuant to 28 U.S.C. § 636(c).

**CONCLUSION**

In sum, the Court concludes that Magistrate Judge Mannion did not have jurisdiction to entertain SHA's Rule 41(g) motion to unseal the affidavit in support of the search warrant and to return the property seized by the government pursuant to that warrant (Doc. 6).  SHA must file an independent civil action in the district court as discussed above.  Accordingly, Magistrate Judge Mannion's Memorandum and Order (Doc. 19) will be vacated and SHA's motion (Doc. 6) will be dismissed.

An appropriate Order follows.


 May 11, 2007                                       /s/ A. Richard Caputo     
Date                                                A. Richard Caputo
                                                  United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

IN THE MATTER OF THE
SEARCH OF THE SCRANTON
HOUSING AUTHORITY

04-MISC NOS. 318-322

(JUDGE CAPUTO)

<u>**ORDER**</u>

**NOW**, this ___11th___ day of May, 2007, **IT IS HEREBY ORDERED** that:

(1)  Magistrate Judge Malachy E. Mannion's Memorandum and Order (Doc. 19) is **VACATED**.

(2)  Scranton Housing Authority's Motion for the Unsealing of Affidavit of Probable Cause in Support of Search Warrant and the Unsealing of the Application and Related Documents for Sealing of Affidavit, Return of Property and Request for Hearing (Doc. 6) is **DISMISSED**.

(3)  The Clerk of the Court shall mark this case as **CLOSED**.

 /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge